UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | No. 6:11-CR-54-GFVT-HAI-4 |
| ) | |
| v. ) | RECOMMENDED DISPOSITION |
| ) | |
| BOBBY JACK TRENTON SPARKS, ) | |
| ) | |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On referral from District Judge Van Tatenhove (D.E. 574 at 2), the Court considers reported violations of supervised release conditions by Defendant Bobby Jack Trenton Sparks. Judge Van Tatenhove entered a judgment against Defendant on October 1, 2012, for one count of conspiracy to distribute oxycodone. D.E. 457 at 1. Defendant was sentenced to thirty-seven months of imprisonment followed by three years of supervised release. *Id*. at 2-3. Defendant began his supervised release term on March 28, 2014.

**I.**

On August 31, 2016, the United States Probation Office ("USPO") issued the Supervised Release Violation Report ("the Report") that initiated this revocation. The Report charges two violations.

First, the Report charges, as Violation #1, a violation of the Standard Condition which provides that Defendant "shall not commit another federal, state or local crime." *See* D.E. 457 at 3. The Report specifically alleges that, on August 6, 2016, Defendant "was arrested by the

1

McKee Police Department and charged with 1) Alcohol Intoxication [in a Public Place]; and 2) Assault, 4th Degree, Minor Injury." A 911 call was placed by a female, and a male could be heard making threats in the background. The initiating citation indicates that, at the scene, the female was observed to have a bite mark and a small red mark above her left eye. On August 22, 2016, Defendant pled guilty to both charges in Jackson County District Court and was sentenced to 14 days in jail on each count to run concurrently. This is a Grade C violation.

Second, Violation #2 of the Report charges Defendant with a violation of Special Condition #8, which provides that Defendant "shall abstain from the use of alcohol." *See* D.E. 457 at 3. The Report specifically alleges that, on August 22, 2016, Defendant pled guilty to the offense of Alcohol Intoxication in a Public Place. This is a Grade C violation.

## II.

After Defendant self-reported to face the charges and warrant, the Court conducted an initial appearance pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure on September 9, 2016, and set a final hearing following a knowing, voluntary, and intelligent waiver of the right to a preliminary hearing. D.E. 579. At the initial appearance, the United States made an oral motion for interim detention; Defendant argued for release. *Id*. Based on the heavy § 3143(a) defense burden, the Court found that Defendant failed to justify release and remanded Defendant to the custody of the United States Marshal. *Id*.

At the final hearing on September 13, 2016, Defendant was afforded all rights due under Rule 32.1 and 18 U.S.C. § 3583. D.E. 580. Defendant competently entered a knowing, voluntary, and intelligent stipulation to violations #1 and #2. *Id*. For purposes of Rule 32.1 proceedings, Defendant admitted the factual basis for the violations as described in the Report,

though he denied biting the victim. The United States thus established both violations under the standard of section 3583(e). *Id*.

The parties did not agree as to the sentence. The government argued for revocation with 5 months of incarceration plus a year of supervised release. Defendant argued for 30 days incarceration with credit for the 14 days defendant already spent in state custody and 6 days in federal custody for the current violations, with supervised release to terminate on the initial termination date of March 27, 2017.

**III.**

The Court has evaluated the entire record, the Report and accompanying documents, and the sentencing materials from the underlying Judgment in this District. Additionally, the Court has considered all of the section 3553 factors imported into the section 3583(e) analysis.

Under section 3583(e)(3), a defendant's maximum penalty for a supervised release violation hinges on the gravity of the underlying offense of conviction. Defendant pleaded guilty to the Class C felony of conspiracy to distribute oxycodone. *See* 18 U.S.C. §§ 846; 841(b)(1)(C); 3559(a)(3). Defendant's conviction carries a 24-month maximum period of incarceration upon revocation pursuant to 18 U.S.C. § 3583(e)(3). Under 18 U.S.C. § 3583(h) and 21 U.S.C. § 841(b)(1)(C), there is no maximum term of supervised release that may be re-imposed.

The Policy Statements in Chapter 7 of the Sentencing Guidelines provide advisory imprisonment ranges for revocation premised on criminal history (at the time of original sentencing) and the "grade" of the particular violation proven. *See United States v. Perez-Arellano*, 212 F. App'x 436, 438-39 (6th Cir. 2007) ("[T]he policy statements found in Chapter

Seven of the United States Sentencing Guidelines . . . 'are merely advisory' and need only be considered by the district court before sentence is imposed.") (citation omitted).

Under section 7B1.1, Defendant's admitted conduct would qualify as a Grade C violation with respect to both violations. Given Defendant's criminal history category of I (the category at the time of the conviction in this District) and a Grade C violation, Defendant's Range under the Revocation Table of Chapter 7 is 3 to 9 months. U.S.S.G. § 7B1.4(a).

The government argued for revocation with 5 months of imprisonment followed by one-year of supervised release. The government cited Defendant's unpredictability and violence while using alcohol during these violations as the main aggravating factors. Defendant breached the Court's trust when he used and abused alcohol, and was a danger to himself and others. Furthermore, the government stressed the need to protect the public and deter future violence. The government also recommended that Defendant seek help for his alcohol abuse upon release.

The major mitigating factors cited by the government were Defendant's lower-than-normal criminal history and his compliance with all conditions upon release for a period of more than two years before this incident occurred.

Counsel for Defendant argued that a sentence of five months was too harsh for these violations. Counsel emphasized Defendant's positive record during his incarceration and two years of supervised release thus far aside from this one random "mistake." Counsel further explained that Defendant was capable of setting and achieving goals while holding steady employment and providing for himself and his family. Counsel also explained that Defendant's prior counseling experiences (including completing the RDAP while incarcerated) had helped him overcome his addiction to oxycodone, but expressed concern that Defendant might be suffering from an alcohol problem. Counsel asked the Court to make one or two Alcoholics

Anonymous meetings per week part of his supervised release as a way to address any underlying alcohol issues that may exist at this time.

Defendant declined to address the Court and agreed with the arguments asserted by his Counsel.

## IV.

To determine an appropriate revocation term of imprisonment, the Court has considered all the statutory factors imported into the section 3583(e) analysis, as well as the Guidelines Range.

The Court first considers the nature and circumstances of Defendant's conviction. *See United States v. Johnson*, 640 F.3d 195, 203 (6th Cir. 2001) (explaining that this sentencing factor focuses upon the original offense rather than the violations of supervised release). According to his PSR, Defendant was involved in a conspiracy to sell pills containing oxycodone. Defendant sold approximately 500 30mg and 200 15mg pills throughout the conspiracy. After being arrested, he told law enforcement that he smoked marijuana daily and took oxycodone 2 to 3 times per day. This was certainly a significant and dangerous drug conspiracy.

The Court next considers Defendant's history and characteristics, the need to deter criminal conduct, and the need to protect the public. Defendant's history contains a significant mitigating factor, namely his pristine supervised release record prior to these violations. Throughout Defendant's more than two years of supervised release, he has had no violations and

has exhibited good behavior. Also mitigating is the defendant's minimal criminal history[1] and apparently reformed drug habits.

Counterbalancing these mitigating factors is the strong need to deter criminal behavior and protect the public. Although Defendant has a very low criminal history score, his unpredictable intoxication and violent outburst causes the Court great concern. This type of behavior places the public at risk.

Regarding opportunities for education and treatment, the Court expressed concern for Defendant's alcohol abuse and suggested that he identify the cause of his drinking and seek to control it. The Court directed the Defendant to be candid with probation for diagnosis and treatment upon his release.

The Guidelines suggest that the ***primary*** wrong in the supervised release context is the violation of the Court's trust by an offender. The particular conduct is an important but secondary issue. *See* Guidelines 7 Pt. A(3)(b) ("[A]t revocation the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator."). The Court must impose a sentence that is sufficient, but not greater than necessary, to address Defendant's breach of trust and the other statutory goals imported into section 3583(e). As previously explained, Defendant's conduct here represents an unpredictable and significant breach of the Court's trust. Incarceration is warranted.

A thirty-day sentence is below the Guidelines Range. Here, the below-Guidelines penalty is justified by two mitigating factors: Defendant's minimal criminal history and his

---

[1] According to the Report, the only other matter in Defendant's criminal history is a citation for Hunting/Fishing/Trapping without a License in March 2000, for which he paid a small fine.

excellent progress thus far on supervised release. *See Johnson*, 640 F.3d at 205-06 (explaining that courts must give specific reasons for deviating from the Guidelines Range and ensure that the extent of the deviation is justified); 18 U.S.C. § 3553(c)(2). Additionally, the Court believes that 30 days of incarceration, and the remaining six-month period of supervised release to follow, is adequate to deter similar future conduct, protect the public and address the breach of the trust that has occurred. The Court declines to include the 14 days served by Defendant in state custody as part of the time served for this 30-day sentence pursuant to Guideline § 7B1.3(f). The public will further be protected if Defendant addresses any underlying alcohol issues, and the Court therefore recommends that Defendant be evaluated for treatment by USPO upon release. For the reasons discussed above, the Court finds this penalty is sufficient but not greater than necessary to meet the section 3553(a) factors incorporated into this analysis. *See* 18 U.S.C. § 3583(e).

A court may re-impose supervised release, following revocation, for a maximum period that usually subtracts any term of incarceration actually imposed due to the violation. *See* 18 U.S.C. § 3583(b) & (h). Defendant's conviction does not carry a maximum term of supervised release due to the nature of the underlying offense. *See* 18 U.S.C. § 3583(h); 21 U.S.C. § 841(b)(1)(C). Accordingly and for the reasons stated above, the Court will recommend that supervised release be re-imposed so as to be completed when his initial three-year term of supervised release was set to expire (March 27, 2017).

Based on the foregoing, the Court **RECOMMENDS**:

1. Revocation with a term of 30 days imprisonment;

2. Supervised release to expire on March 27, 2017, under the same conditions previously imposed (D.E. 457 at 2-3); and

7

3. That, upon his release, Defendant be evaluated for suitable alcohol abuse treatment.

Defendant's right of allocution under Rule 32.1 is preserved, as reflected in the record. Any waiver should comport with the Court's standard waiver form, available from the Clerk. Absent waiver, the matter will be placed on District Judge Van Tatenhove's docket upon submission.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights concerning this recommendation, issued under subsection (B) of the statute. *See also* 18 U.S.C. § 3401(i). As defined by § 636(b)(1), within fourteen days after being served with a copy of this recommended disposition, any party may serve and file written objections to any or all portions for consideration, *de novo*, by the District Court. Failure to make timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

This the 15th day of September, 2016.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge